

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 25-20354

v.

Hon. Terrence G. Berg

Scott James Rocky,

Defendant.

_____ /

# Plea Agreement

The United States of America and the defendant, Scott James Rocky, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with distribution of child pornography under 18 U.S.C. § 2255A(a)(2).

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 years to 20 years |
| | Fine: | Up to $ 250,000 |
| | Term of supervised release: | 5 years to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 60 months' (5 years') imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3.   Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 2 (possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B)) of the Indictment.

## 4.   Elements of Count of Conviction

The elements of Count 1 are:

1.    The defendant knowingly distributed child pornography;

2.      The defendant knew that the material was child pornography; and

3.      The child pornography was distributed using a means or facility of interstate or foreign commerce, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From on or about April 15, 2025 to on or about April 29, 2025, while in the Eastern District of Michigan, the defendant, Scott James Rocky, used peer-to-peer software to obtain and share child pornography, including pornographic images of prepubescent minors and minors that had not reached the age of 12, which he kept on his computer. Using peer-to-peer software, the defendant distributed child pornography to other internet users. The defendant knew that the images and videos were child pornography. The child pornography had been transported in interstate commerce or by a means of interstate

commerce, including by a computer, and was produced using materials that had been mailed, or shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

## 6.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- 2G2.2(a)(2): Base Offense Level;

- 2G2.2(b)(2): Material involved prepubescent minor or a minor who had not attained the age of 12 years;

- 2G2.2(b)(3)(F): The defendant knowingly engaged in distribution;

- 2G2.2(b)(4): Offense involved material portraying sadistic or masochistic conduct or other depictions of violence; or sexual abuse or exploitation of an infant or toddler;

- 2G2.2(b)(6): Offense involved the use of a computer; and

- 2G2.2(b)(7)(E): Offense involved 300 images, but fewer than 600.

The parties have no other joint recommendations as to the defendant's guideline calculation.

## D.  Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

- The child pornography materials the defendant distributed involved a prepubescent minor.

- The defendant's relevant conduct for distribution of child pornography involved: his receipt and possession of child pornography depicting children as young as infants being sexually abused and exploited; his use of a computer for the possession, receipt, and distribution of child pornography; and his possession

of more than 300, but fewer than 600, images of child pornography.

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

#### B. Imprisonment

##### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

##### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

The parties have no agreement as to supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There parties have no agreement as to a fine.

**E.    Restitution**

Restitution is mandatory in this case. The Court must order restitution to every identifiable victim of the defendant's offense. 18 U.S.C. § 2259. The defendant agrees to pay restitution to any identifiable victim associated with Counts 1 and 2 of the Indictment. There is no recommendation or agreement as to the amounts of restitution. The Court will determine at sentencing the identity of any victim, and the amount of restitution owed to each victim.

The defendant agrees that restitution is due and payable immediately after the judgment is entered consistent with 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253, defendant agrees to forfeit the following property:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any personal property constituting or traceable to gross profits or other proceeds obtained as a result of the charged offense; and *AL SJR NH*

3. Any property, ~~real or personal,~~ _PERSON_ used or intended to be used to commit or to promote the commission of the charged offense or any property traceable to such property.

Specifically, defendant agrees to forfeit the following property:

- A red desktop computer found in the laundry/office of the defendant's residence during the search warrant execution on May 1, 2025.

The defendant agrees that the subject property is forfeitable to the United States pursuant to 18 U.S.C. § 2253, as property involved in the defendant's violations because the property was used to commit or promote the commission of the violations, and/or contains depictions of child pornography.

Following the entry of this plea agreement and upon application by the United States, the defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. The defendant agrees that the forfeiture order will become final as to the defendant's interests when entered by the Court.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise

him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

The defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant may be required to pay a special assessment of $5,000 consistent with 18 U.S.C. § 3014(a). However, if the Court finds

that the defendant is indigent, he will not be ordered to pay this amount.

The defendant will also be required to pay an additional special assessment of up to $35,000. 18 U.S.C. § 2259A. In determining the amount of this assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

## 10.   SORNA

The defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, the defendant will be obligated to promptly register under the federal sex offender registry. The defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). The defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 13.    Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he understands waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 1:30 P.M. on November 12, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon Jr.
United States Attorney

_____        _____
Craig F. Wininger                       Nhan Ho
Chief, Violent and Major Crimes Unit    Assistant United States Attorney
Assistant United States Attorney

Dated: November 12, 2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer

with his attorney. The defendant further agrees that he understands

this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____
Arthur J. Weiss
Attorney for Defendant

_____ 12 NOV 2025
Scott James Rocky
Defendant

Dated: 11/12/25